United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PLANTRONICS INC,

    Plaintiff,

v.

ESI CASES AND ACCESSORIES,

    Defendant.
                                  /

No. C-05-03258 EDL

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SETTING ASIDE ENTRY OF DEFAULT**

      On August 10, 2005, Plaintiff Plantronics, Inc. filed this action against Defendant ESI Cases and Accessories for patent infringement, trade dress infringement and unfair competition. After entry of default on September 15, 2005, Plaintiff filed a motion for default judgment on October 18, 2005. The motion came on for hearing on November 22, 2005. Attorney Samuel K. Lu appeared for Plaintiff. On November 21, 2005, Defendant's counsel filed a declaration in opposition to Plaintiff's motion, and attorney Ezra Sutton appeared telephonically at the November 22, 2005 hearing. For the reasons stated at the hearing and as set forth below, Plaintiff's motion for default judgment is denied and the entry of default is set aside.

**Background**

      In its complaint, Plaintiff alleges the following facts: Plaintiff introduced the first lightweight communications headset in 1962 and is a leading designer, manufacturer and marketer of lightweight communications headset products, such as its patented MX150 mobile headset, for use with, *inter alia*, telephones and cellular telephones. Compl. ¶¶ 5-6. On June 10, 2003, United States Design Patent No. D475,694 was issued for an invention entitled "earloop receiver." Compl. ¶ 7; Ex. A. On September 30, 2003, United States Design Patent No. D480,072 was issued for an invention entitled "microphone boom

for a headset." Compl. ¶ 9, Ex. B. Plaintiff is the assignee and owner of all rights, title and interest in the '694 and '072 patents. Compl. ¶ 11. Plaintiff's MX150 mobile headset is an embodiment of the inventions claimed in the '694 and '072 patents. Compl. ¶¶ 8, 10. Plaintiff's products, including the patented MX150 mobile headset, are unique and have no equal in the marketplace. Compl. ¶ 12.

Defendant ESI is a manufacturer and merchandiser of mobile phone accessories, including lightweight communications headset products for, *inter alia*, telephones and cellular telephones. Compl. ¶ 13. Defendant promotes its products at industry trade shows, in printed catalogs and on the Internet. Compl. ¶ 14. Defendant products may also be purchased at third-party retail stores. Id.

In March 2005, Plaintiff discovered Defendant's mobile headsets, including its "Ultra Comfort Handsfree" line, offered for sale at Target retail store locations in California. Compl. ¶ 15. Plaintiff purchased several of Defendant's products. Declaration of David C. McPhie ¶ 4. The design and appearance of Defendant's Ultra Comfort Handsfree headset is overtly copied from Plaintiff's MX150 product. Compl. ¶ 16. Plaintiff's MX150 mobile headset has been on the market since 2002 and is well known to the public and to Defendant. Compl. ¶ 18.

On September 20, 2005, after default had been entered in this case, Plaintiff's counsel received a phone call from counsel for Defendant. McPhie Decl. ¶ 9. In a telephone call on September 22, 2005, Defendant's counsel agreed to produce sales records for the accused products to Plaintiff and Plaintiff's counsel indicated that he would be willing to sign a stipulation to set aside the entry of default. Id. Also on September 22, 2005, Defendant's counsel faxed to Plaintiff's counsel a copy of an answer to Plaintiff's complaint. Id.; Ex. F. As of October 18, 2005, no answer or other pleading had been filed by Defendant in this case. Id. ¶ 17.

On September 29, 2005, Plaintiff's counsel called Defendant's counsel to inquire about the status of production of sales records. McPhie Decl. ¶ 10. Defendant's counsel agreed to call Plaintiff's counsel back later that day, but did not do so. Id. Between September 29, 2005 and October 5, 2005, Plaintiff's counsel left several phone messages for Defendant's counsel, but received no return calls. Id. ¶ 11. On October 7, 2005, Defendant's counsel agreed in a telephone call with Plaintiff's counsel to inform Plaintiff's counsel of the status of the sales records and the stipulation to set aside default on the following Monday, but did not do so. Id. ¶ 13. On October 11, 2005 and on October 17, 2005, Plaintiff's counsel sent a

letter to Defendant's counsel regarding the promised production of sales records and indicating that Plaintiff was prepared to take the necessary steps to preserve its rights, including filing a motion for default judgment. Id. ¶¶ 14, 15, Ex. G, H. As of October 18, 2005 when the motion for default judgment was filed, Plaintiff had not received any other communication from Defendant. Id. ¶ 16.

On October 17, 2005, Plaintiff's counsel discovered several of Defendant's accused products for sale at the Target retail store in Irvine, California. McPhie Decl. ¶ 18. Counsel purchased one of the products. Id.; Ex. J.

On November 21, 2005, the day before the hearing on Plaintiff's motion for default judgment, Defendant's counsel filed a declaration in opposition to the motion. The Court permitted defense counsel to appear telephonically at the November 22, 2005 hearing even though he had not yet been admitted pro hac vice based on his representation that he would submit an appropriate application forthwith. Later on November 22, 2005, counsel submitted his pro hac vice application, which was granted.

**Discussion**

Federal Rule of Civil Procedure 55(c) governs the setting aside of an entry of default and states, in relevant part: "For good cause shown, the court may set aside an entry of default. . . ." The discretion of the court in setting aside an order of default is especially broad, where, as here, a party seeks to set aside the entry of an order of default before the entry of a default judgment. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986) ("A decision on a motion to set aside a default is not an abuse of discretion unless the court is clearly wrong in its determination of good cause."). In evaluating a motion to set aside default rather than a default judgment, any doubt should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits. O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994 ); Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508 (9th Cir. 1986) ( noting broad discretion in setting aside default as opposed to restriction in setting aside default judgment under Rule 60.)   In determining whether to set aside default, courts should consider the same factors as when determining whether to set aside a default judgment under Federal Rule of Civil Procedure 60(b), whether: "(1) the plaintiff would be prejudiced by setting aside the default; (2) the defendant has a meritorious defense; and, (3) the defendant's culpable conduct led to the default. O'Connor, 27 F.3d at 364 (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) (adopting this three-factor test in a case in

which the defendant moved to reopen a default judgment under Federal Rule of Civil Procedure 60(b))). In this case, the factors weigh in favor of setting aside the entry of default against Defendant.

It does not appear that Defendant engaged in egregious conduct by failing to respond to Plaintiff's complaint. Shortly after the clerk entered default, Defendant's counsel engaged in some sporadic settlement negotiations with Plaintiff and served an answer on Plaintiff, although it could have been more diligent in following through. Nor is it clear that Plaintiff has been prejudiced by Defendant's failure to appear earlier in the action. There is no showing that Plaintiff's ability to pursue its claims would be hindered. Falk, 739 F.2d at 463. Plaintiff did, however, incur some additional fees and expenses. Finally, Defendant does raise several defenses. See Def.'s Decl. in Opp'n to Mot. for Default J. ¶ 2; Ex. A. Accordingly, Plaintiff's motion for default judgment is denied without prejudice and the entry of default against Defendant is set aside.

At the hearing, Plaintiff for the first time asked the Court to condition the setting aside of the entry of default on the payment of Plaintiff's fees and costs incurred in because of the default, citing Nilsson, Robbins, Dalgren, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546 (9th Cir. 1988) (holding that in appropriate circumstances, any prejudice suffered by the non-defaulting party as a result of default judgment and the subsequent reopening of the litigation can be rectified by conditioning the setting aside of default on the payment of the non-defaulting party's costs). Because Plaintiff did not raise this issue earlier, and because the parties are focused on settlement of this case, which may shortly resolve any prejudice that Plaintiff has suffered, Plaintiff's request for conditional relief is denied without prejudice.

If Defendant has not already done so, it shall file its answer no later than December 6, 2005. In addition, no later than December 2, 2005, Defendant shall provide to Plaintiff documents reflecting the total volume of sales and imports of allegedly infringing units, and when those sales and imports were made. A further Case Management Conference is scheduled for December 13, 2005 at 3:00 p.m. No later than December 8, 2005, the parties shall file a joint statement updating the Court regarding the status of the parties' information exchange and whether the parties wish to be referred to the Court's Alternative Dispute Resolution program. Counsel may appear by telephone at the CMC by contacting the Court's courtroom deputy at 415-522-3694 no later than December 8, 2005 with a telephone number to call for the appearance.

4

**Conclusion**

Plaintiff's motion for default judgment is denied without prejudice. For good cause shown, the entry of default against Defendant is set aside. Plaintiff's request for an award of costs as a condition to setting aside the default is denied without prejudice.

IT IS SO ORDERED.

Dated: November 29, 2005

　　　　　　　　　　　　　　　　　　　　*Elizabeth D. Laporte*
　　　　　　　　　　　　　　　　　　　　ELIZABETH D. LAPORTE
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge